IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Jacqueline Kim Selby**, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Weltman, Weinberg & Reis Co., L.P.A.**,<br><br>Defendant. | Case No. 1:14-cv-5856<br><br>**Complaint**<br><br>Class Action<br><br>Jury Trial Demanded |

Plaintiff Jacqueline Kim Selby ("Plaintiff"), individually and on behalf of all others similarly situated, makes the following allegations and claims against Weltman, Weinberg & Reis Co., L.P.A. ("Weltman" or "Defendant"), upon personal knowledge, investigation of her counsel, and on information and belief.

1. This action seeks redress for business practices that violate the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA").

2. This Court has jurisdiction to grant the relief sought by Plaintiff pursuant to 47 U.S.C. § 227(b) and 28 U.S.C. § 1331.

3. Venue is proper in this district as Defendant resides within the district and does business here.

## Parties

4. Plaintiff Jacqueline Kim Selby is a natural person who resides in California. Plaintiff is the account holder of a cellular telephone number and pursuant to the terms of her contract is charged for each call within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii).

Complaint—1

5. Defendant is a debt collection law firm founded in 1930 and the nations' largest "creditors' rights" law firm based on revenues and placements. It operates nine offices directly servicing eight states, along with multiple nationwide attorney network support services. Defendant employs more than 80 attorney and 850 support staff. It operates from its principal place of business at 323 West Lakeside Avenue, Suite 200, Cleveland, Ohio 44113. Defendant does business in every state including Illinois.

## Facts

6. Directly as well as through its subsidiaries, contractors and agents, Defendant employs hundreds of persons at various call centers throughout the country. These calling centers use automatic telephone dialing systems and computerized account information to track, record, and maintain the hundreds of thousands of debts collected by Defendant.

7. A significant portion, if not a majority, of Defendant's business operations are dedicated to servicing consumer loans that are in default, foreclosure, have been charged off by the original lender, or are subject to discharge in bankruptcy

8. Defendant's regular business practices include making repeated phone calls to persons it believes responsible for paying past-due accounts.

9. In 2006, Plaintiff opened a consumer credit card account with non-party Chase Bank USA, N.A., and made charges against it. She fell behind on her payments in 2009. At no time did she give permission to Chase or anyone else to contact her on her cellular telephone, much less to use an automatic telephone dialing system or a pre-recorded or artificial voice to do so.

10. Beginning on October 3, 2011, Defendant began calling Plaintiff on her cellular telephone in an effort to collect on this debt. Over the next five and one-half

months, concluding on March 14, 2012, Defendant made a total of not less than sixty-eight (68) calls to Plaintiff's cellular telephone.

11. Defendant was persistent and relentless in its campaign of harassment, making calls every day for weeks at a stretch, and from the end of November to mid-January did not let more than three days pass without a call — during a period that included Thanksgiving, Christmas, and New Years' Day.

12. Each of the calls placed by Defendant was made by means of an automatic telephone dialing system as defined by the Federal Communications Commission. During most of the calls, Defendant left a message using an artificial and/or pre-recorded voice.

13. A list of the date and time when these calls were received by Plaintiff is set out in more detail in Exhibit "A" to this Complaint.

14. For at least twenty (20) calls, Defendant left the same voice message that consisted of the following:

> "We are calling from Weltman Weinberg & Reis with a very important message for Jackie Selby. Upon receipt of this message, please contact Weltman Weinberg & Reis at 1-800-719-2654. If you believe you've received this call in error, please contact Weltman Weinberg & Reis at 1-800-719-2654. Thank you."

15. The female voice on the call sounded pre-recorded, except for Plaintiff's name, which sounded as if it were artificially generated. Plaintiff preserved dozens of these messages and a comparison of the audio files reveals that they are identical in phrasing, pauses, and inflection.

16. On February 15, 2012, the language of the message changed to the following:

> This is a message for Jackie Shelby [sic]. If we have reached the wrong number for this person, please call me at (877) 204-2066 to remove your number. If you

Complaint—3

are not Jackie Shelby, please hang up. If you are Jackie Shelby, please continue to listen to this message. Jackie Selby, you should not listen to this message so that other people can here as it contains personal and private information. This is Tina from Weltman, Weinberg & Reis Co., L.P.A. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please contact me about an important business matter at 1(800) 718-4577. Thank you.

17. Plaintiff received at least five of these "Tina" messages which were nearly the same, though not identical, in phrasing, pauses, and inflection.

18. Plaintiff believes that there were additional calls placed by Defendant to her cellular telephone number that were not preserved and seeks discovery to identify those additional calls.

19. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and debt collection practices. The TCPA regulates, *inter alia*, the use of automated dialing systems. Specifically, section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. The TCPA's definition of an automatic telephone dialing system includes a "predictive dialer." *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638-9 (7th Cir. 2012).

20. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone*

Complaint—4

*Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

21. On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed calls and calls using an artificial voice or pre-recorded message to a wireless number by a creditor or on behalf of a creditor are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

22. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶10).

23. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff gave her express consent to Defendant to use an autodialer to call her cell phone within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

24. Plaintiff never listed her cellular telephone number in or on any documents during a transaction with Defendant (or any creditor), nor did she subsequently give her express consent to receive calls on her cellular telephone. At no time did she consent to receiving calls using an artificial voice.

25. In calling Plaintiff on her cellular telephone line multiple times at various times per day using an ATDS and without her consent, Defendant violated 47 U.S.C. § 227(b).

Complaint—5

**The *Sarabri* Litigation**

26. Defendant Weltman Weinberg & Reis Co. LPA is no stranger to TCPA litigation. On August 25, 2010, Defendant was sued by Mohammed Sarabri on behalf of himself and all others similarly situated in the United States District Court, Southern District of California, Case No. 3:10-cv-1777 AJB (hereinafter "Sararbri Litigation"). Mr. Sarabri alleged that Weltman had used an automatic telephone dialing system to place debt collection calls to his cellular telephone without his prior express consent. On behalf of himself and the putative class, he sought $500 per violation and injunctive relief under the TCPA, as well as $1,500 per violation for each knowing and willful violation of the TCPA.

27. Counsel for those parties mediated their dispute over several sessions in July and August, 2011. The parties filed a notice of settlement with the District Court on February 9, 2012.

28. Preliminarily approval of a class-wide settlement was granted on September 4, 2012 by the Hon. Anthony J. Battaglia, United States District Judge. The settlement class was defined as:

> All persons or entities with unique cell phone numbers within the United States who were called by Defendant (Weltman, Weinberg & Reis Co., L.P.A.), as identified in Defendant's records, between August 25, 2006 and August 26, 2010, on their paging service, cellular telephone service, mobile radio service, radio common carrier service, or other service for which they were charged for the call, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. Section 227(b)(1)(A)(iii) or artificial or prerecorded voice, which resulted in a contact, i.e. a live connection or prerecorded message, identified by Defendant from their records in discovery and confirmatory discovery as one of the approximately 600,000 unique cell phones they called, and as identified in Defendant's records to be provided to the Claims Administrator (hereinafter referred to as the "Settlement Class"). The

Complaint—6

Settlement Class shall not include any officer, director, or heir or assign of Defendant. Further, the Settlement Class shall not include any officer or juror who may consider the case.

29. Final approval for the settlement class was granted by Judge Battaglia on February 15, 2013.

30. The calls alleged herein from Defendant to Ms. Selby fall well after the closing date of the settlement class for the Sarabri Litigation. Yet during the time period when Defendant was negotiating a resolution of a prior, nearly identical TCPA class action Defendant was relentlessly calling Ms. Selby's cell phone using an automatic dialer without her express consent.

31. Defendant knew at the time it placed each call to Ms. Selby that it was required to comply with the TCPA and was required to obtain the express consent of the called party before placing a call to a cellular telephone number using an auto-dialer. It further knew that it could not use an artificial or pre-recorded voice when calling a cellular telephone. Despite this knowledge, Defendant violated the TCPA nearly six dozen times when it called Plaintiff — while simultaneously accepting responsibility for harassing hundreds of thousands of persons.

## Class Action Allegations

32. Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and on behalf of all others similarly situated.

33. The proposed Class that Plaintiff seeks to represent is defined as follows:

> All persons who had or have a number assigned to a cellular telephone service, which number was called by Defendant using an automatic telephone dialing system and/or an artificial or prerecorded voice from August 27, 2010 through the date of trial. Excluded from the class are persons who Defendant called for emergency purposes and persons who voluntarily provided their

Complaint—7

cellular telephone numbers to their original creditor during the transaction that resulted in the debt owed.

34. Collectively, these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are Defendant and any entities in which Defendant or their subsidiaries or affiliates have a controlling interest, Defendant's agents and employees, the judicial officer to whom this action is assigned and any member of the court staff and immediate family, and claims for personal injury, wrongful death, and emotional distress.

35. Plaintiff does not know the exact number of members in the Class, but based upon Defendant's public statements regarding their business in the United States and investigation of her counsel, Plaintiff reasonably believes that Class members number in the tens of thousands, if not more. The Class size includes consumers who are obligated on debts serviced by or placed with Defendant, as well as persons who co-signed for those debts, and all other persons whom Defendant or their affiliates, agents, contractors, or employees dialed (or mis-dialed).

36. There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including, whether Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system and/or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service in violation of the TCPA.

37. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

38. Plaintiff will fairly and adequately protect the interests of the Class, and has retained attorneys experienced in class and complex litigation.

39. A class action is superior to all other available methods for the fair and efficient adjudication of the controversy for the following reasons:

    a. It is economically impractical for members of the Class to prosecute individual actions;

    b. The Class is readily definable; and

    c. Prosecution as a class action will eliminate the possibility of repetitious litigation.

40. A class action will cause an orderly and expeditious administration of the claims of the Class. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

41. Class wide relief is essential to compel Defendant to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

42. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with the respect to the Class as a whole appropriate. Moreover, the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## First Claim for Relief

43. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

44. The foregoing act and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

45. As a result of Defendant's negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every call placed in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such negligent conduct that violates the TCPA by Defendant in the future.

## Second Claim for Relief

47. Plaintiff re-alleges and incorporate by reference the above paragraphs as though set forth fully herein.

48. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing or willful, or both, violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

49. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

50. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting such willful conduct that violates the TCPA by Defendant in the future.

## Jury Trial Demand

51. Plaintiff demands a jury trial on each of the causes of action set forth above, including the amount of statutory damages.

## Prayers for Relief

Wherefore, Plaintiff respectfully prays that judgment be entered against Defendant Weltman, Weinberg & Reis L.P.A., for the following:

1. An injunction against further violations;
2. Damages pursuant to 47 U.S.C. § 227(b)(3);
3. Costs of suit;
4. Reasonable attorneys' fees as part of a common fund, if any; and
5. Such other and further relief as the Court may deem just and proper.

Dated: July 30, 2014

ANKCORN LAW FIRM, PC

*/s/ Mark Ankcorn*
Attorneys for Plaintiffs

N.D. Illinois General Bar No. 1159690
California Bar No. 166871

*mark@ankcorn.com*
11622 El Camino Real, Suite 100
San Diego, California 92130
(619) 870-0600 phone
(619) 684-3541 fax

Local Office:
Ankcorn Law Firm, PC
1608 S. Ashland Ave. #92015
Chicago, Illinois 60608-2013

Complaint—11